IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| IAN RALPH BLACKSTOCK, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| | )    1:93cr350(JCC) |
|     v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

## **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendant's Petition, pursuant to Rule 60(b)(6), to review the court's June 4, 2001 Order, which recharacterizized Defendant's motion for an order to produce books, papers, documents, and tangible objects into a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied in the same order. For the reasons stated below, the Court will deny Defendant's Petition pursuant to Rule 60(b)(6).

### **I. Background**

On December 2, 1993, Petitioner pled guilty to Counts 86 and 87 of his indictment charging use of a firearm in relation to drug trafficking crimes in violation of 21 U.S.C. § 842(a)(1). On the same day, the Court sentenced the Defendant to consecutive

sentences of sixty months as to Count 86 and 240 month as to Count 87.

The Defendant filed a motion for an order to produce books, papers, documents, and tangible objects on May 10, 2001. On June 4, 2001, this Court issued an order in which it recharacterized the May 10, 2001 motion as a motion to vacate, set aside, or correct the Defendant's sentence pursuant to 28 U.S.C. § 2255.  The Court subsequently denied the § 2255 motion as untimely.  Defendant's June 18, 2001 motion for reconsideration was denied in an Order dated July 3, 2001.

On September 7, 2005, the Defendant filed the present Petition pursuant to Rule 60(b)(6) challenging the integrity of the Court's June 4, 2001 Order recharacterizing Defendant's motion for an order to produce books, papers, documents, and tangible objects into a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Defendant claims that "district courts may not sua sponte recharacterize motions not denominated as § 2255 motions without first giving defendant notice of the potential adverse consequences of such a characterization" in reliance on *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002).  (Def.'s Mot. 8-9).  The Defendant claims that he was not given the opportunities that *Emmanuel* mandates to avoid procedural default.  This motion is currently before the Court.

## II. Analysis

Defendant raises his claim pursuant to Rule 60(b)(6). Rule 60(b)(6) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 125 S. Ct. 2641, 2645 (2005). Like in *Gonzalez,* the Defendant in the present case brings his petition under Rule 60(b)(6), which permits reopening upon a showing of "any other reason justifying relief from the operation of the judgment" given various timing and procedural restrictions. Fed. R. Civ. P. 60(b)(6). The "other reason" that Defendant forwards is the Court's failure to notify Defendant of its recharacterization of the May 10, 2001 motion as a § 2255 motion, which the Defendant suggests is inconsistent with the Fourth Circuit *Emmanuel* precedent.

In *United States v. Emmanuel*, the Fourth Circuit required that "if a prisoner files a motion that is not denominated a § 2255 motion and the court at its option prefers to convert it into the movant's first § 2255 motion, the court shall first advise the movant that it intends to so recharacterize the motion" and advise the movant as to various other procedural requirements that accompany § 2255 motions. *Emmanuel*, 288 F.3d at 649. Because the Court allegedly did not

so advise, the Defendant seeks relief from the June 4, 2001 Order.

The Defendant fails to acknowledge some limiting language in *Emmanuel* that allows courts to recharacterize motions without first advising the movant.  This additional language applies directly to Defendant's situation, and therefore the Court's actions were lawful and the Defendant's petition must fail.

The Fourth Circuit emphasized in *Emmanuel* that "the notice requirements imposed in this opinion are based on the assumption that the recharacterization will have some adverse consequence on the movant.  In cases where no adverse consequences will ensue, the district court need not give the movant any notice prior to proceeding with the recharacterization."  *Id.*  An example of a case where no adverse consequences would ensue is one in which the recharacterized § 2255 was found to be untimely.  Because no subsequent § 2255 motion would have been timely at the time Defendant filed his motion for an order to produce books, papers, documents, and tangible objects, there is no need to warn Defendant for the purposes of preserving subsequent motions.

In an unpublished opinion, the Fourth Circuit reached a similar holding in virtually identical circumstances.  In *United States v. Moore*, the Fourth Circuit held that "[t]he district

-4-

court found that Moore's motion, if considered under § 2255, was untimely filed. If, in fact, Moore's motion was untimely, a remand requiring the district court to give Moore *Emmanuel* notice would be an exercise in futility." 38 Fed. Appx. 185, 185 (4th Cir. 2002). *See also United States v. Chew*, 284 F.3d 468, 471 (3rd Cir. 2002)(finding no error when court sua sponte recharacterized time-barred motion). The same applies in the current case, and neither *Emmanuel* nor subsequent Fourth Circuit rulings require this Court to grant the relief that Defendant seeks here.

Further, Defendant's attached motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is dismissed as successive. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") disallows the filing of second or successive habeas petitions without pre-certification by the court of appeals. 28 U.S.C. §2244(b). Because the Court upholds the June 4, 2001 dismissal of the Defendant's recharacterized § 2255, no additional § 2255 motions are allowed without prior certification as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals. *See* 28 U.S.C. § 2255. No such certification was obtained in the present case.

## IV. Conclusion

          For the reasons stated above, the Court will deny Defendant's petition for review pursuant to Rule 60(b)(6).  An appropriate Order will issue.


October _7_, 2005                                                  /s/
Alexandria, Virginia                             James C. Cacheris
                                                  UNITED STATES DISTRICT COURT JUDGE