IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| IAN RALPH BLACKSTOCK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | 1:93cr350(JCC) |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court will deny Petitioner's Motion.

## **I. Background**

On December 2, 1993, Petitioner Ian Ralph Blackstock's ("Petitioner") pled guilty to Counts 86 and 87 of his indictment charging use of a firearm in relation to drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1).[1] On the same day, the Court sentenced Petitioner to consecutive sentences of 60 months' imprisonment as to Count 86 and 240 months' imprisonment as to Count 87. Petitioner filed a motion for an order to produce books, papers, documents, and tangible objects on May 10, 2001.

---

[1] In its July 29, 2008 Order, this Court mistakenly stated that Petitioner had pled guilty to two counts of violating 21 U.S.C. § 842(a)(1).

On June 4, 2001, this Court issued an Order in which it recharacterized Petitioner's discovery motion as a 28 U.S.C. § 2255 motion and denied it as untimely. Defendant's June 18, 2001 motion for reconsideration was denied in an Order dated July 3, 2001.

On September 7, 2005, Petitioner filed a Petition for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b), challenging the integrity of the Court's Order recharacterizing his 2001 discovery motion as a § 2255 motion. Relying on *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002), Petitioner argued that "district courts may not sua sponte recharacterize motions not denominated as § 2255 motions without first giving defendant notice of the potential adverse consequences of such a recharacterization." Def.'s Mot. for Relief from J. [25] at 8-9. Petitioner simultaneously filed a § 2255 Motion along with his Rule 60(b) Motion. In an Opinion and Order dated October 7, 2005, this Court held that Petitioner's case fell within an exception to the *Emmanuel* rule that lifted the notice requirement in situations where recharacterization would have no adverse consequences on the defendant. This Court found that no adverse consequences flowed from recharacterizing Petitioner's 2001 discovery motion because any subsequent § 2255 motion would be untimely. This Court then denied Petitioner's Rule 60(b) Motion and dismissed his § 2255 Motion as successive.

On October 24, 2005, Petitioner appealed the October 7, 2005 ruling to the U.S. Court of Appeals for the Fourth Circuit. In an Opinion dated January 9, 2008, the Fourth Circuit found that the Supreme Court's decision in *Castro v. United States*, 540 U.S. 375 (2003) overruled *Emmanuel*'s exception to the notice requirement. *See United States v. Blackstock*, 513 F.3d 128, 133 (4th Cir. 2008). Applying *Castro* to Petitioner's case, the Fourth Circuit held that this Court should have provided notice before recharacterizing Petitioner's 2001 discovery motion as a § 2255 motion. *Id.* Because the failure to provide notice rendered the 2001 recharacterization improper, Petitioner's 2005 § 2255 motion was in effect his first such motion, and this Court erred in dismissing it as successive. *Id.* The Fourth Circuit further held that, though § 2255 motions face a one-year limitations period and Petitioner's 2005 § 2255 may very well be untimely, the limitations period is an affirmative defense and Petitioner was not required to allege in his motion facts that could refute the defense. *Id.* The Court then vacated the judgment and remanded so that this Court could determine in the first instance whether Petitioner's § 2255 Motion was filed in a timely fashion. *Id.* at 133-35.

On remand, this Court had serious concerns about the timeliness of Petitioner's 2005 § 2255. In accordance with *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002) and *United States*

*v. Sexton*, 56 Fed. Appx. 202 (4th Cir. 2003), on July 29, 2008 this Court ordered Petitioner to show cause as to why his Motion should not be dismissed as time-barred by § 2255's statute of limitations. Before responding to the Court's query, Petitioner filed a Motion to Amend his § 2255 Motion requesting relief based on the Supreme Court's recent decision in *United States v. Watson*, __ U.S. __, 128 S. Ct. 579 (2007) and the Second Circuit's decision in *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008). This matter is currently before the Court.

## II. Analysis

The Antiterrorism and Effective Death Penalty of 1996 ("AEDPA") provides that a federal district court must dismiss any § 2255 motion that is filed more than one year after the date on which: (1) the judgment of conviction becomes final; (2) the impediment to making a motion, created by unlawful governmental action, is removed and the petitioner was prevented from making a motion by such action; (3) the United States Supreme Court initially recognized the constitutional right asserted, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the facts supporting the claims presented could have been discovered with due diligence. 28 U.S.C. § 2255(f). In this case, because Petitioner did not file a direct appeal, his judgment of conviction became final on December 2, 1993, the date

on which judgment was entered. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (holding that where a defendant does not file a direct appeal, his conviction becomes final on the date on which the district court enters the judgment of conviction). However, because his conviction became final prior to the enactment of AEDPA, Petitioner had until April 23, 1997 to file a motion under subsection (1). *See Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998). Petitioner filed the instant § 2255 Motion on September 7, 2005, over eight years after the one-year time limitation had run. Therefore, his motion is untimely under subsection (1). In addition, the Court finds that subsections (2) and (4) do not apply to Petitioner's 2005 § 2255.

  The only subsection conceivably applicable to Petitioner's case is subsection (3). In his 2005 § 2255 Motion, Petitioner makes a claim under *Bailey v. United States*, 516 U.S. 137 (1995), which was made retroactive to cases on collateral review by *Bousely v. United States*, 523 U.S. 614 (1998). Under the rule set forth in *Dodd v. United States*, Petitioner had one year from the day *Bailey* was decided to file his § 2255, which he failed to do. *See* 545 U.S. 353, 358-59 (2005) ("[I]f this Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion."). Petitioner also makes a claim under the *Apprendi* line of cases, but neither

*Apprendi* nor *Booker* have been made retroactive to cases on collateral review. *See United States v. Morris*, 429 F.3d 65 (4th Cir. 2005); *Sanders*, 247 F.3d 139. Therefore, Petitioner cannot rely on subsection (3) to save his § 2255 Motion.

On August 1, 2008, Petitioner filed a Motion to Amend his § 2255 Motion, raising claims under *Watson* and *Whitley*. This Motion raises some difficult questions, particularly his claim for relief based on the Supreme Court's holding in *Watson*.[2] In that case, the Court was faced with the question of whether a person who trades drugs for a gun "uses" a firearm "during and in relation to . . . [a] drug trafficking crime" within the meaning of 18 U.S.C. § 924(c)(1)(A). *Watson*, 128 S. Ct. at 581. The Court concluded that a person who receives a firearm in trade for drugs does not "use" that firearm under § 924(c)(1)(A). *Id.* at 586. Here, Petitioner pled guilty to Counts 86 and 87 of his indictment, which charged him with the "use" of a firearm "during and in relation to a drug trafficking crime" based on his distribution of crack cocaine in exchange for several firearms. Indictment [2], Counts 86 and 87. If this Court were to apply

---

[2] Petitioner's *Whitley* claim, on the other hand, is without merit. *Whitley* involved the interpretation of a version of 18 U.S.C. § 924(c)(1) that was not enacted until 1998, five years after Petitioner's conviction and sentencing. *See Whitley*, 529 F.3d at 152-54 & n.2. Petitioner's sentence of 5 years' imprisonment as to Count 86 and 20 years' imprisonment as to Count 87, set to run consecutively, was entirely lawful under the version of the statute in existence on December 2, 1993. *See* 18 U.S.C. § 924(c)(1) (1994).

the holding in *Watson* to Petitioner's case, it is arguable that Petitioner has been convicted of conduct that is not a crime.

Nevertheless, even were the Court to grant Petitioner's Motion to Amend and to consider his *Watson* argument on its merits, the filing date of his § 2255 Motion would remain September 7, 2005. Most importantly, his § 2255 would still be untimely. The result, then, is that Petitioner's § 2225 Motion must be denied. The Court recognizes that this outcome puts Petitioner in a bind. If he applies to the Fourth Circuit for permission to file a second or successive § 2255 motion, he must show that there is either: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h). To the Court's knowledge, Petitioner does not possess the newly discovered evidence required by subsection (1). As to subsection (2), *Watson* involved the proper meaning of 18 U.S.C. § 924(c)(1)(A), not any new rule of constitutional law. Even if *Watson* did somehow fashion a new constitutional rule, the Supreme Court has not yet made that rule retroactive to cases on collateral review. Consequently, Petitioner would be unable to

bring a second or successive § 2255 motion that raises his *Watson* claim.

However, this Court notes that at least one other court has found that a defendant in a situation similar to Petitioner's could raise his *Watson* claim by means of a 28 U.S.C. § 2241 habeas petition. In *Short v. Shultz*, the defendant Michael Short ("Short") was convicted in December 2001 of, amongst other offenses, "knowingly using and carrying during and in relation to, and possessing in furtherance of a drug trafficking offense a firearm," in violation of 18 U.S.C. § 924(c). 2008 WL 1984262, at *1 (W.D. Va. May 6, 2008) (internal quotations omitted). Short appealed his conviction, which was affirmed in 2003, and then filed a § 2255 motion, which was denied by the district court in 2005 and dismissed by the Fourth Circuit in 2006. After the Supreme Court decided *Watson* in December 2007, Short filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, arguing that his sentence under § 924(c) was invalid based on *Watson*. *Id.*

The first question before the district court in *Short* was whether a § 2241 habeas petition was the proper method of raising the defendant's substantive claim. Chief Judge James P. Jones, citing the Fourth's Circuit's decision in *In re Jones*, 226 F.3d 328 (4th Cir. 2000), found that a § 2241 habeas petition was in fact a proper method by which Short could bring his *Watson*

claim. *Id.* at *3.[3] In *Jones*, the Fourth Circuit had held that, in circumstances where a § 2255 motion was inadequate or ineffective to test the legality of a federal inmate's detention, that inmate could challenge his confinement by filing a § 2241 habeas petition. 226 F.3d at 333. Applying *Jones*, the Court in *Short* found that a § 2255 motion was an inadequate and ineffective means to test the legality of Short's confinement based on *Watson*. The Court reasoned that:

> First, in deciding Short's direct appeal, the Fourth Circuit expressly found that settled law supported his convictions under § 924(c) for receiving firearms in trade for drugs. Second, only after his direct appeal and his unsuccessful § 2255 motion did the Supreme Court issue the *Watson* decision, and under *Watson*, Short's offense conduct is arguably rendered noncriminal. Finally, the *Watson* holding is not a new rule of constitutional law so as to satisfy one of the "gatekeeping" exceptions in § 2255(h) under which the court of appeals will certify a successive § 2255 motion.

*Short*, 2008 WL 1984262, at *3.[4] The Court ultimately denied Short's habeas petition, however, on the ground that he was also charged under the possession prong of § 924(c) – which the *Watson*

---

[3] The Court presumed, given that *Watson* had held that a substantive federal criminal statute did not reach certain conduct, that the decision must be applied retroactively on habeas review. *Id.* at *3 (citing *Bousley*, 523 U.S. at 620-21).

[4] The Court also found that while a § 2241 habeas petition should normally be brought against the warden of the prison facility where the inmate is confined and be filed in the district court where that facility is located, the respondent – the warden of a federal prison located in New Jersey where Short was incarcerated – had made himself subject to the jurisdiction of the U.S. District Court for the Western District of Virginia by failing to object to venue or jurisdiction. *Id.* at **2-3.

opinion did not address – and that the evidence at trial proved that he had violated the possession prong.  *Id.* at *5.

There are important differences between Petitioner and Short.  Unlike Short, Petitioner was not charged under the possession prong, as that prong was added to § 924(c)(1) in the aftermath of the Supreme Court's 1995 decision in *Bailey*.  That fact might improve Petitioner's chances of a favorable outcome on a § 2241 habeas petition.  Weighing against Petitioner is the fact that he did not file a direct appeal and never challenged the propriety of this Court's interpretation of § 924(c)(1)(A). Thus, a court reviewing his habeas petition might find that Petitioner has procedurally defaulted on his *Watson* claim.

Regardless, it is not for this Court to rule on a theoretical 28 U.S.C. § 2241 habeas petition that Petitioner may or may not file at some point in the future.  Instead, it is the Court's duty decide the Motion before presently before it.  Here, Petitioner's 2005 § 2255 Motion is untimely, and its untimeliness is not remedied by Petitioner's Motion to Amend.  The Court will therefore deny both Motions.

An appropriate Order will follow.

September 2, 2008                    _____/s/_____
Alexandria, Virginia                          James C. Cacheris
                              UNITED STATES DISTRICT COURT JUDGE